FILED
2016 Aug-30  PM 03:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ARTHUR BRENNAN MALLOY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2:15-cv-01878-AKK-TMP |
| | ) |
| KENNETH N. PETERS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

The magistrate judge filed a report on August 9, 2016, recommending that the defendants' special reports, previously construed as motions for summary judgment, be granted and that this action be dismissed with prejudice. Doc. 29. Mr. Malloy filed objections to the report and recommendation on August 22, 2016. Doc. 30.

Mr. Malloy's first objection addresses his retaliation claim against defendant Peters and he asserts that "GRANTING Summary Judgment to the Defendant (Peters), is arbitrary to the record, facts and law." Doc. 30 at 1. Mr. Malloy does not point to any specific findings of facts by the magistrate judge which he believes to be incorrect, but states only that the "Defendant's claims, in his affidavit, is 'not' evidence and does 'not' disprove the Plaintiff's claims as stated in the Complaint." *Id.* Previously, in response to defendant Peters' motion for

summary judgment, Mr. Malloy asserted by affidavit that defendant Peters took his gold dental bridge on May 23, 2014. Doc. 20 at 4.  In the report and recommendation, consistent with Rule 56 of the Federal Rules of Civil Procedure, the magistrate judge accepted every fact as alleged by Mr. Malloy, including those disputed by defendant Peters. *See e.g.*, doc. 29 at 10 and n. 4.

At no time has Mr. Malloy provided any evidence to support his allegation that the May 2014 cell search, whereby defendant Peters allegedly took the gold dental bridge, was in retaliation for Mr. Malloy's August 2012 lawsuit against defendant Peters. With respect to Mr. Malloy's burden to prove motive in his retaliation claim, the case law is clear that where "the defendant-official has made a properly supported motion, the plaintiff may not respond simply with general attacks upon the defendant's credibility, but rather must identify affirmative evidence from which a jury could find that the plaintiff has carried his or her burden of proving the pertinent motive." *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *see also Farrow v. West*, 320 F.3d 1235, 1248-49 (11th Cir. 2003) (where plaintiff offered no evidence to rebut defendant's evidence, plaintiff failed to establish a causal relationship between his complaints and the alleged retaliation). Here, Mr. Malloy has provided no evidence which could support a finding of a causal relationship between his August 2012 lawsuit and the May 2014 cell search

and, in fact, has done no more than attack the defendant's credibility. *See generally* doc. 30. This objection is therefore **OVERRULED**.

Mr. Malloy further objects to the recommendation of the magistrate judge that summary judgment should be granted in favor of defendant Corizon Health, Inc., on the basis that such a recommendation is arbitrary. Doc. 30 at 1. Mr. Malloy reaches this conclusion by asserting he was deprived of "the use of Discovery Devices Rules 33, 36 - FRCivP) that would establish his claims by 'clear and convincing' proof." *Id*. However, the interrogatories Mr. Malloy sought to propound to defendant Corizon were found moot by the magistrate judge because that very information was ascertainable from the Special Report and supporting evidence filed by that defendant.[1] *See* docs. 18; 24.  Although Mr. Malloy filed an objection to this ruling, his objection stated no more than his belief that the ruling was erroneous. Doc. 27.

---

[1]Mr. Malloy sought the names of the dentist(s) and dental assistants who treated him from May 1, 2015, through August 18, 2015. Doc. 17. In defendant Corizon's Special Report, the defendant stated "Jeffrey Roth, DDS, is a licensed dentist in the state of Alabama  . . . . Dr. Roth is an employee of Corizon, LLC . . . . Dr. Roth has seen Mr. Malloy on one occasion, that being August 27, 2015." Doc. 24 at 2. The dental records attached to the Special Report also reflect this same information. Doc. 24-1 at 7. Other attached dental records reflect that Mr. Malloy was seen by Charles M. King, DMD, JD, on July 23, 2014. *Id*. at 14. The only allegation Mr. Malloy made in his complaint concerning his dental care was that "[t]he Dentist (John Doe), at Donaldson Correctional Facility, now refuses to complete the dental work . . . . On August 27, 2015, I was informed by the attending Dentist (John Doe), that 'he could not provide me with dental-partial(s) due to company policy'." Doc. 10 at 5. Because Mr. Malloy was provided with the names of the dentists who treated him, and had no claims against any dental assistants, Mr. Malloy's request for interrogatories to discovery this information was deemed moot.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the magistrate judge's report is hereby **ADOPTED** and the recommendation is **ACCEPTED**. Accordingly, finding no genuine issues of material fact exist and that the defendants are entitled to judgment in their favor as a matter of law, the court **ORDERS** that the defendants' motions for summary judgment are **GRANTED**.

The court further **ORDERS** that Mr. Malloy's claims against the Alabama Department of Corrections are **DISMISSED** for failure to state a claim upon which relief can be granted.

To the extent Mr. Malloy attempts to bring state law claims for conversion or dental malpractice, those claims are due to be **DISMISSED WITHOUT PREJUDICE**, in accordance with 28 U.S.C. § 1367(c)(3).

A final judgment will be entered.

**DONE** the 30th day of August, 2016.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE